IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LINDA RAYNOR, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:07CV00011 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| GREAT EASTERN RESORTS ) | |
| MANAGEMENT, INC. ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff, Linda Raynor, proceeding pro se, brings this action against defendant, Great Eastern Resorts Management, Inc. Liberally construed, Raynor's one paragraph complaint alleges that she is "having trouble with [her] left heel" and because "the problem is work related... insurance and workman's comp should pay." She seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court grants her motion to proceed in forma pauperis but dismisses her complaint without prejudice for failing to allege a sustainable basis of jurisdiction and for failure to state a claim upon which relief can be granted.

"The plaintiff seeking relief in federal court bears the burden of alleging and proving the facts conferring jurisdiction." Gambelli v. United States, 904 F. Supp. 494, 496 (E.D. Va. 1995) (citing Sligh v. Doe, 596 F.2d 1169, 1170 (4th Cir. 1979)). Yet, there is still no hint in Raynor's complaint of a federal claim for relief or a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) which requires diversity of citizenship and more than $75,000 in controversy.[1] The court

---

[1] Raynor has not demonstrated that diversity of citizenship exists in this case. Under 28 U.S.C. § 1332(a), complete diversity of citizenship is required. Complete diversity is lacking if any plaintiff is from the same state as any defendant. It is clear to the court based upon prior proceedings that Raynor is a Virginia resident. It also appears that Great Eastern Resorts Management, Inc. is a Virginia corporation with its principal place of business in Virginia. Therefore, it appears that complete diversity is lacking, and that unless Raynor is raising a federal claim for relief (a right to recovery founded directly on federal law), she may only maintain this action in state court.

previously dismissed this case because Raynor did not maintain a sustainable basis of jurisdiction and the court did not have jurisdiction over this matter. Raynor now adds a brief amendment to her claim, alleging that the defendant violated some unspecified international treaty. Despite her vague reference to an international treaty, Raynor has not identified anything in her claim for relief that is founded upon any type of international treaty or federal law. Accordingly, court finds that Raynor still has not raised a federal claim for relief, that diversity jurisdiction is still lacking, and that Raynor may only maintain this action in state court. Pursuant to 28 U.S.C. § 1915(e)(2)(B) the court may "at any time" dismiss an in forma pauperis action if the action "fails to state a claim on which relief may be granted." Accordingly, the Court will dismiss Raynor's complaint without prejudice for failing to state a claim for relief that is subject to federal court jurisdiction.

**ENTER:** This January 31, 2007

UNITED STATES DISTRICT COURT